■ ISRAEL KAPLAN et al., Appellants, v CENTRAL MEDICAL GROUP OF BROOKLYN et al., Respondents, et al., Defendant.—In a medical malpractice action, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County, entered November 16, 1978, upon a jury verdict, as is in favor of the defendants Central Medical Group of Brooklyn (CMG) and Jacob J. Weiss, and against them. The appeal brings up for review an order of the same court, dated November 6, 1978, which denied the plaintiffs' posttrial motion pursuant to CPLR 4404 to set aside that part of the verdict which is in favor of the defendants Central Medical Group of Brooklyn and Jacob J. Weiss. Judgment reversed insofar as appealed from and order reversed, motion granted, and, as between plaintiffs and defendants CMG and Jacob J. Weiss, action severed and new trial granted, with costs to abide the event. In a medical malpractice action, plaintiff Israel Kaplan (hereafter plaintiff), who underwent a colostomy in March, 1976 because of a cancerous lesion, complains that the failure of his family doctor, defendant Dr. Weiss, to recommend certain diagnostic procedures when the plaintiff first complained to him of rectal bleeding was an act of malpractice, that these procedures would have disclosed the presence of the lesion at an earlier stage of development when it could have been removed by a simple surgical procedure, and that the need for more radical surgery would not have arisen. During the trial, Dr. Weiss testified from what he described as his original records which he brought with him. The plaintiff and Dr. Weiss disagreed as to when the plaintiff first complained of the rectal bleeding. The plaintiff testified that his first complaint was in November, 1973; thereafter he telephoned Dr. Weiss several times and he continued to complain of bleeding when he saw the doctor again in March, 1974. Dr. Weiss testified that according to his records the plaintiff first complained of bleeding on March 2, 1974 and that at a second visit on March 23, 1974, there was no further complaint or evidence of bleeding. The plaintiff did not recall a second visit in March, 1974. Beginning with his opening statement to the jury and continuing throughout his examination and cross-examination of witnesses, the trial counsel for Dr. Weiss and CMG repeatedly stressed the accuracy of the doctor's records. In summation, the same trial counsel stated, *inter alia,* that the date of November, 1973 was "the essence of the case", that if the plaintiff's testimony was correct, Dr. Weiss "should be a dead duck. He should be found guilty of malpractice without any question. That is perfectly clear." The jury requested and received the records during its deliberations prior to returning a verdict in favor of the defendants. After the trial, plaintiffs' attorney retained an

investigator who discovered that the third page of Dr. Weiss' records was on a form which was not manufactured until two years after the date of the earliest of his entries on it. Nevertheless, the trial court denied the plaintiffs' subsequent motion to set aside the verdict in favor of defendants Weiss and CMG despite the fact that Dr. Weiss admitted in his opposing affidavit that, contrary to his testimony at the trial, the pertinent page of the medical record admitted in evidence was not in fact the original record but a copy made by him not long before the institution of this suit and possibly not until after the plaintiffs' attorneys had begun to inquire into the matter. We conclude that the trial tactics of trial counsel for defendants Dr. Weiss and CMG made the accuracy of the doctor's records a substantive issue and that to let the verdict stand might perpetuate a gigantic injustice. Under the circumstances, it was an improvident exercise of discretion to deny the plaintiffs' motion and the plaintiffs are entitled to a new trial as against Dr. Weiss and CMG in the interest of justice. We have considered the other arguments made on the appeal and find them to be without merit. Lazer, J. P., Margett, Martuscello and Mangano, JJ., concur.